Marcus A. Nussbaum, Esq. (MN 9581)
3059 Brighton 7th Street, Fl. 1
Brooklyn, New York 11235
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
***Attorney for Plaintiff and the
putative FLSA Collective and
Class***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---

ALEKSEI LOMONOSOV, *Individually and on behalf of all others similarly situated*,

        Plaintiff,

    -against-

HENNESSY PARK MGMT, LLC d/b/a VIS-À-VIS RESTAURANT AND LOUNGE, HENNESSY PARK REALTY, LLC, KARÈN AVANESOV, ALEKSANDR FALIKMAN, ARKADY C. (*last name unknown, General Manager of Vis-à-Vis Restaurant and Lounge*), STANISLAV a/k/a STAS (*last name unknown, Head Waiter/ Maître d' of Vis-à-Vis Restaurant and Lounge*) and IGOR (*last name unknown, Head Waiter/ Maître d' of Vis-à-Vis Restaurant and Lounge*), Jointly and Severally,

        Defendants.

**CLASS & COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

**DOCKET NO.: 1:22-cv-5522**

Plaintiff ALEKSEI LOMONOSOV ("Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff and the class are former servers, bartenders, barbacks, runners/bussers and kitchen staff at Defendants' enterprise which includes a restaurant and nightclub serving Russian, French and American cuisine located in Brooklyn, New York. For their work, despite the fact that they typically worked in excess of forty (40) hours each week, defendants paid Plaintiff and class a flat daily salary that did not correlate with the number of hours that plaintiff and class worked, and the defendants unlawfully withheld their tips.

2.      The plaintiff and the class are young foreigners who came to this country and take part in the American Dream, to wit: the opportunity for prosperity and success, as well as an upward social mobility for family and children, achieved through hard work in a society with few barriers. Plaintiff believed that he could be gainfully employed here in the United States with domestic companies who would not deceive him and steal his hard-earned wages, due to the fact that domestic businesses are regulated here by our State and Federal Government.

3.      The unlawful scheme of defendants involved the tactic of stealing the wages of plaintiff and the class through a series of false contrivances, for example stating on one occasion that "the rules of the restaurant" required, on various occasions, that plaintiff share 50% of his tips with the head waiters who did not establish a tip pool (meant to be shared with tipped employees), and ultimately that the "rules" required that 100% of tips be withheld from tipped employees by the head waiters and General Manager. Other examples of such contrivances were defendants' stated position that plaintiff will not be paid the minimum wage due to his perceived

immigration/citizenship status and that he should be grateful that no one is asking to see plaintiff's work permit.

4.      Upon information and belief, defendants, who also arrived in this country as immigrants many years ago seeking a better life (and ironically are the very people who should understand what plaintiff is attempting to accomplish by relocating to the United States), continue to operate in an environment reminiscent of the new Hulu series known as "The Bear", which very accurately depicts and dramatizes toxic restaurant culture where employees are abused, berated, humiliated and threatened endlessly by the restaurant management and head waiters.

5.      Defendants' payment schemes resulted in systemic underpayment of wages to Plaintiff and Defendants' other restaurant employees in violation of federal and state wage laws.

6.      Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), §§ 650 *et seq*., and for defendants having retaliated against plaintiff by firing him after he raised the issue of underpayment with his employer and discussing that issue with fellow employees. Plaintiff also brings claims for unpaid spread-of-hours premiums, unlawfully withheld gratuities, and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

7.      Plaintiff brings the FLSA claims on behalf of himself and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

8.      Plaintiff bring his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all servers, bartenders, barbacks, runners/bussers and kitchen staff and all other non-exempt restaurant employees who worked for Defendants in New York at any time

during the six (6) years prior to the commencement of this action.

## JURISDICTION AND VENUE

9.        This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the claims occurred in this district and Defendants'

businesses are located in this district.

11.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

## THE PARTIES

**Plaintiff:**

12.      Plaintiff Aleksei Lomonosov was, at all relevant times, an adult individual residing

in Kings County, New York.

13.      During the relevant time period, Plaintiff performed work for Defendants at the

Russian, French and American restaurant located in Brooklyn, New York, known as "Vis-à-Vis

Restaurant and Lounge" ("hereinafter "Vis-à-Vis"), located at 3100 Ocean Parkway Brooklyn,

New York 11235.

14.      Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §

216(b), and his consent form is attached hereto.

**Defendants:**

15.     Upon information and belief, HENNESSY PARK MGMT, LLC ("HENNESSY PARK") is an active New York Corporation doing business as "Vis-à-Vis Restaurant and Lounge" with its principal place of business at 3100 Ocean Parkway Brooklyn, New York 11235.

16.     Upon information and belief, HENNESSY PARK REALTY, LLC ("REALTY") is an active New York Corporation with its principal place of business at 3100 Ocean Parkway Brooklyn, New York 11235.

17.     HENNESSY PARK and REALTY are hereinafter referred to collectively as the "HENNESSY Group Enterprise" or the "Corporate Defendants."

18.     At all relevant times, the Corporate Defendants operated together as a single business enterprise, with the same employment policies, including wage-and-hour policies.

19.     Upon information and belief, Defendant KARÈN AVANESOV ("AVANESOV") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

20.     Upon information and belief, Defendant ALEKSANDR FALIKMAN ("FALIKMAN") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

21.     Upon information and belief, Defendant ARKADY C. (*last name unknown*) ("ARKADY") is the General Manager of Vis-à-Vis Restaurant and Lounge, and sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

22.     Upon information and belief, Defendant STANISLAV a/k/a STAS (*last name unknown*) ("STANISLAV") is a Head Waiter/Maître d' of Vis-à-Vis Restaurant and Lounge, and sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

23.     Upon information and belief, Defendant IGOR (*last name unknown*) ("IGOR") is a Head Waiter/Maître d' of Vis-à-Vis Restaurant and Lounge, and sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

24.     Defendants AVANESOV, FALIKMAN, ARKADY, STANISLAV and IGOR are also referred to herein as the "Individual Defendants".

25.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs. Both Corporate Defendants were created on November 14, 2013. Defendant FALIKMAN is listed as the service of process point of contact for defendant HENNESSY PARK on the New York State Department of State Database and Website, and Defendant AVANESOV is listed as the service of process point of contact for defendant REALTY on said website. According to the New York State Liquor Authority database, both Defendants AVANESOV and FALIKMAN are identified as "Principals" of HENNESSY PARK on the liquor license for the Vis-à-Vis Restaurant and Lounge.

26.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

27.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

28.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or

6

continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

29.     At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

30.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00

31.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATION

32.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since September 15, 2019 and through the entry of judgment in this case (the "Collective Action Period") who worked as servers, bartenders, barbacks, runners/bussers and kitchen staff and all other non-exempt restaurant employees (the "Collective Action Members").

33.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week and in failing to pay any tips. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

34.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

35.     Pursuant to the NYLL, Plaintiff brings his Second through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since September 15, 2016 and through the entry of judgment in this case (the "Collective Action Period") who worked as servers, bartenders, barbacks, runners/bussers and kitchen staff and all other non-exempt restaurant employees (the "Collective Action Members").

36.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

37.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least forty (40) Class Members.

38.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

> a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;
>
> b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;
>
> c.  whether the Corporate Defendants in this Action operate together as a single integrated enterprise;

8

d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members wages for all hours worked;

e.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;

f.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

g.   whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

h.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

i.   whether Defendants failed to provide proper wage notices to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

j.   whether Defendants properly notified Plaintiff and the Class Members that they were taking the tip credit;

k.   whether Defendants illegally retained gratuities left by customers and failed to pay all such gratuities to Plaintiff and the Class Members;

l.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

m.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

39.   <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class

Members, are restaurant employees of Defendants who worked for Defendants pursuant to their

corporate policies. Plaintiff, like all Class Members, were, *inter alia*, paid less than the statutory

minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty

(40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift

of ten (10) or more hours and/or a split shift, were not paid all gratuities to which they were

entitled, were not reimbursed for the cost of bounced checks, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

40.     Plaintiff and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

41.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

44.     The individual members of the Class have no interest or capacity to bring separate actions and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

45.     At all relevant times, Defendants have been in the food service business.

46.     Upon information and belief, throughout the relevant time periods, the Individual Defendants have owned, operated, and managed the restaurant set forth in paragraph 10 of this Complaint.

47.     Upon information and belief, Defendants operate their restaurant through common management, ownership and financial control.

48.     The Individual Defendants are a frequent presence at Defendants' restaurant and take an active role in ensuring that Defendants' restaurant is run in accordance with Defendants' procedures and policies.

**Plaintiffs' Work for Defendants**

49.     Plaintiff Aleksei Lomonosov worked for Defendants as a waiter, barback, food runner and cleaning person. Plaintiff worked for defendants at Vis-à-Vis from approximately June 15, 2022 to August 26, 2022.

50.     From June 15, 2022 to August 26, 2022, when Plaintiff worked at Vis-à-Vis, he typically worked six (6) days per week, with mostly Mondays off, from approximately 2:00 p.m. to 12:00 a.m. on Tuesdays, Wednesdays, and Thursdays; 2:00 p.m. to 3:00 a.m. on Fridays; seventeen hours at varying times on Saturdays and fifteen hours at varying times on Sundays for a total of approximately seventy-five (75) hours per week.

51.     For his work at Vis-à-Vis, Plaintiff received a flat daily salary as follows: between $100-$120 per day on Tuesdays, Wednesdays, and Thursdays; between $160-$180 per day on Fridays; $200 on Saturdays and $150 on Sundays. Plaintiff's tips were unlawfully withheld and received his wages entirely in cash in envelopes signed by the head waiters and general manager.

52.     During the time that he worked at Vis-à-Vis, Plaintiff neither received paystubs nor breakdowns of the hours that he worked or his regular or overtime rates.

53.     Plaintiff alleges that he observed the head waiters take and keep all cash left by customers as tips and additionally, that no credit card tips were ever dispersed to him or any of the class members.

54.     Plaintiff alleges that he was never allowed to take a break of any kind when he worked at Vis-à-Vis.

11

55.     Defendants are well aware of their legal obligations under the FLSA and NYLL and knowingly and intentionally the law by failing to pay Plaintiff and the Collective and Class Action Members minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage notices and wages statements as required by the NYLL.

**Defendants' Termination of Plaintiff In Retaliation for Raising Issues Regarding His Underpayment**

56.     In August of 2022, plaintiff discussed the issue of his underpayment with fellow employees and his employers, including the defendants herein.

57.     On August 26, 2022, plaintiff was terminated by defendants who explained, at the time of his termination, that he was being fired because he was "stirring up the waters" with other employees regarding the payment policies of the defendants.

**Defendants' Unlawful Corporate Policies**

58.     In August of 2022, IGOR admitted that plaintiff and the class were being underpaid and stating to plaintiff that "…waiting staff gets paid $10/hour".

59.     In August of 2022, IGOR stated to plaintiff that $10/hour is the minimum legal wage for "wait staff".

60.     In August of 2022, IGOR stated to plaintiff that "…they do not pay overtime" and that the reason for this is that they did not ask plaintiff for his work permit or any other documents other than plaintiff's passport.

61.     Plaintiff and the Collective and Class Action Members were all paid according to the same corporate policies of Defendants, including failing to pay minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage statements and wage notices.

62.     Defendants did not notify Plaintiff or the Class Members whether they were relying upon the tip credit in calculating their hourly rate in accordance with the requirements of the NYLL.

63.     Because Defendants routinely violated the requirements for taking the tip credit (i.e., did not provide notice, and the owners pocketed all of the tips) Defendants were not entitled to pay Plaintiff or Collective Action Members the New York "tipped" minimum wage and instead were obligated to pay Plaintiff and the Collective Action Members the full statutory minimum wage.

64.     Defendants did not provide Plaintiff or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

65.     Defendants failed to provide accurate wage statements to Plaintiff and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

66.     Despite the fact that Plaintiff typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

67.     Despite the fact that Plaintiff regularly worked in excess of ten (10) hours per day, Defendants failed to pay Plaintiff and the Collective and Class Action Members an extra hour of minimum wage for such days.

68.      Defendants unlawfully withheld all of the gratuities to which Plaintiff and the Collective and Class Members were entitled during their employment with Defendants.

69.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

70.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

72.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.

74.     By failing to notify Plaintiff and the Collective Action Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

75.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

14

76.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

77.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

78.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

80.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID OVERTIME</u>
### (Brought on Behalf of Plaintiff and the Class Members)

81.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

83.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

84.     Plaintiff, on behalf of themselves and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

86.    Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiff and the Class Members)**

87.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

88.    Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided

for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

90.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

91.    Defendants have willfully failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92.    Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**EIGHTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES**
**(Brought on Behalf of Plaintiff and the Class Members)**

93.    Plaintiffs, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though

18

fully set forth herein.

94.    Defendants have willfully failed to compensate Plaintiff and the Class Members for all gratuities earned by withholding all of the tips left by the customers for the Plaintiff and Class Members, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiff and the Class Members for all gratuities withheld by Defendants.

95.    Due to the Defendants' New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

## NINTH CAUSE OF ACTION AGAINST THE
## DEFENDANTS - DISCRIMINATION (IMMIGRATION/CITIZENSHIP STATUS)

96.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

97.    The New York City Human Rights Law ("NYCHRL") prohibits, in relevant part, "an employer or an employee or agent thereof, because of the actual or perceived..., immigration or citizenship status,..., of any person... to discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a).

98.    Plaintiff and the Class were employees of defendants within the meaning of the New York City Human Rights Law and were covered by the law.

99.    From the start of his employment at Vis-à-Vis, plaintiff was subjected to discrimination by defendants based upon his perceived immigration and citizenship status. Specifically, plaintiff was perceived to be without lawful immigration and citizenship status by

defendants and he was paid according to that perception, which was less than what defendants paid to those persons whom defendants believed were of lawful immigration and citizenship status.

100.     The defendants acted with malice and/or knowing and/or reckless indifference to the plaintiff's statutory rights.

101.     The individual defendants are personally liable for this discrimination because they perpetrated and/or aided and abetted the offensive and discriminatory conduct.

102.     As a result of the defendants' unlawful conduct, Plaintiff and the Class Members have suffered economic and non-economic damages, including lost pay, back pay, punitive damages attorney's fees and costs, and other legal and equitable relief. Plaintiff and the Class Members are also entitled to an award of punitive damages to punish the defendants for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS: RETALIATION IN VIOLATION OF THE FLSA AND NYLL

103.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

104.     By their actions described herein, Defendants retaliated against Plaintiff and the Class Members for exercising their rights under the FLSA.

105.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff and the Class Members have suffered and continue to suffer substantial loss of past and future earnings and benefits for which they are entitled to, monetary damages, liquidated damages, punitive damages, attorneys' fees, costs of this action, and other relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.   An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.   An award of compensatory and liquidated damages as a result of Defendants' willful failure to pay all gratuities earned by Plaintiffs and the Opt-In Plaintiffs;

j.   An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five

thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.     An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.     An award of damages arising out of the non-payment of gratuities;

m.     An award of liquidated damages arising out of the non-payment of gratuities;

n.     An award of damages arising as a result of Defendant's discrimination including, lost pay, back pay, punitive damages, attorney's fees and costs, and other legal and equitable relief;

o.     An award of damages arising as a result of Defendant's retaliation including, loss of past and future earnings and benefits, for which they are entitled to, liquidated damages, punitive damages, attorneys' fees, costs of this action, and other relief;

p.     An award of prejudgment and post-judgment interest;

q.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

r.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by the complaint.

Dated:     Brooklyn, New York
           September 15, 2022

Respectfully submitted,

/s/  Marcus Aurelius Nussbaum
By:  Marcus A. Nussbaum, Esq. (MN 9581)
3059 Brighton 7th Street, Fl. 1
Brooklyn, New York 11235
Tel: 201-956-7071
marcus.nussbaum@gmail.com
***Attorney for Plaintiff and the
putative FLSA Collective and Class***