UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-5522 (LDH) (RER)

———————————

Lomonosov, *et al.*,

Plaintiffs,

versus

Hennessy Park MGMT, LLC, *et al.*,

Defendants.

———————————

**MEMORANDUM & ORDER**

September 8, 2023

———————————

**RAMON E. REYES, JR., U.S.M.J.:**

   Plaintiff Aleksei Lomonosov ("Plaintiff") brings this action individually and on behalf of others similarly situated against Defendants Hennessy Park MGMT, LLC, d/b/a Vis-à-Vis Restaurant and Lounge and Hennessy Park Realty, LLC (the "Corporate Defendants"), as well as against Karèn Avanesov, Aleksandr Falikman, Arkady C., Stanislav a/k/a Stas, and Igor (the "Individual Defendants"), (collectively, the "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL), N.Y. Lab Law § 650 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* (ECF No. 1 ("Compl.")). Before the Court is Plaintiff's motion to conditionally certify a collective action pursuant to FLSA § 216(b) and to conduct requisite discovery. (ECF No. 17 ("Pl. Mot.")). For the reasons set forth herein, the motion is denied.

**BACKGROUND**

I. <u>Factual Background</u>

Defendants Hennessy Park MGMT, LLC ("Vis-à-Vis") and Hennessy Park Realty, LLC ("Realty") are New York-based companies that operate Vis-à-Vis, a restaurant and nightclub serving Russian, French, and American cuisine. (Compl. ¶¶ 1, 15–16). Defendants Karèn Avanesov and Aleksandr Falikman are owners and operators of the Corporate Defendants. (Compl. ¶ 19–20). Defendant Arkady C. is allegedly the General Manager at Vis-à-Vis, and Defendants Stanislav and Igor are Head Waiters/Maître d's at the restaurant and lounge. (Compl. ¶¶ 20–21). Plaintiff Aleksei Lomonosov is a resident of Brooklyn, New York who worked at Vis-à-Vis as a waiter, barback, food runner, and cleaning person. (Compl. ¶¶ 12, 49).

According to the Complaint, Defendants employed Plaintiff from June 15, 2022, through August 26, 2022, during which time he worked approximately seventy-five hours per week. (Compl. ¶¶ 50–51). Plaintiff claims that his tips were unlawfully withheld, that he often observed head waiters taking all the tips, and that no credit card tips were dispersed to him. (*Id.* ¶¶ 51, 53). He asserts that he received his wages in cash-filled envelopes, which were signed by head waiters and the general manager, and that he never received paystubs or a breakdown of his hours worked. (*Id.* ¶¶ 51–52). Further, Plaintiff states that in August 2022, Defendant Igor informed him that wait staff only receive $10 per hour and that Defendants do not pay overtime because they do not ask workers to verify their immigration status. (*Id.* ¶¶ 58–60). Moreover, Plaintiff alleges that in August 2022, he raised the issue of underpayment and was subsequently fired on August 26 because he was "stirring up the waters" by discussing Defendants' pay practices. (*Id.* ¶¶ 56–57).

II.   Procedural History

On September 15, 2022, Plaintiff filed the Complaint, asserting unpaid minimum and overtime wages in violation of the FLSA and NYLL (Compl. ¶¶ 70–83), unpaid spread-of-hour premiums under the NYLL (Compl. ¶¶ 84–86), failure to provide wage notices and statements in violation of the NYLL (Compl. ¶¶ 87–92), withholding of gratuities under the NYLL (Compl. ¶¶ 93–95), discrimination due to actual or perceived immigration or citizenship status in violation of the NYCHRL (Compl. ¶¶ 96–102), and unlawful retaliation in violation of the FLSA and NYLL (Compl. ¶¶ 103–05). On January 24, 2023, Defendants filed their Answer. (ECF No. 11). That same day, the action was referred to mediation. (ECF. No. 12). On April 20, 2023, the parties reported that they were unable to settle at mediation, and discovery commenced. (ECF Report dated 4/20/2023 and Order dated 4/21/2023). On July 19, 2023, Plaintiff filed the Motion to Certify as an FLSA Collective Action with a request for discovery to obtain contact information of similarly situated individuals, which was fully briefed by all parties. (Pl. Mot.).

**DISCUSSION**

I.   Legal Standard

The FLSA allows employees to assert claims on behalf of themselves as well as others who are similarly situated. 29 U.S.C. § 216(b). The Second Circuit applies a two-step method to determine whether to certify an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 544–55 (2d Cir. 2010). Here, Plaintiff's motion involves only the first step, called "conditional certification." *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-6910 (AMD) (SMG), 2020 WL 13680575, at *1 (E.D.N.Y. Aug. 19, 2020) (citations omitted). At this stage, the court preliminarily determines whether similarly situated plaintiffs exist, and if so, provides an opportunity for those plaintiffs to join the action. *Id.* at *2 (citations omitted).

A finding of "similarly situated" employees requires plaintiffs to "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 634 F.3d at 555 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In applying this "lenient evidentiary standard," a court evaluates pleadings and affidavits, but does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Liu v. Millenium Motor Sports, LLC*, No. 17-CV-6438 (ARR) (RER), 2018 WL 11417745, at *2 (E.D.N.Y. Dec. 13, 2018) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). "Nevertheless, while a plaintiff's burden of proof is low, it is not non-existent—certification is not automatic." *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF) (GWG), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014). Plaintiffs "must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Elamrani v. Henry Limousine, Ltd.*, No. 15-CV-2050 (ERK) (MDG), 2016 WL 5477590, at *2 (E.D.N.Y. Sept. 28, 2016) (collecting cases).

II.  Analysis of Conditional Certification

Although the plaintiff's burden of proof is low, sufficient facts must be alleged for the court to infer "that a common policy or plan that violated the law existed." *Sanchez*, 2014 WL 465542, at *1. While courts have granted conditional certification "based solely on the personal observations of one plaintiff's affidavit," that plaintiff must assert specific facts or observation from which a court can deduce that there are indeed others who are similarly situated. *Hernandez v. Bar Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3–4 (S.D.N.Y. June 25, 2013) (conditionally certifying the class when the plaintiff submitted a declaration that explained his

4

observations that others in similar positions also suffered from similar pay violations). Here, no pleading or affidavit provide such specific details.

Plaintiff alleges that the class includes former servers, bartenders, barbacks, runners, bussers, and kitchen staff who all worked more than forty hours per week. (Compl. ¶ 1). Plaintiff makes detailed allegations regarding his own work conditions, but regarding other potential plaintiffs, he only states, "I've spoken to other employees and it is my understanding they have similar experiences." (ECF No. 17-2 ("Pl. Decl.") ¶ 18; *see generally* Compl.). Plaintiff does reference "speaking to other employees regarding their pay from the defendants," but he only does so in support of his retaliation claim and without any association to widespread FLSA violations. (Pl. Decl. ¶ 17). The Court does not have any inkling of information regarding the potential plaintiff opt-in collective, which is necessary to determine the appropriate scope of the proposed collective. *See Sanchez*, 2014 WL 465542, at *2; *see also Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (refusing class certification when "plaintiff makes only general allegations in his complaint that he and other[s] . . . were denied overtime compensation."). Accordingly, these allegations are insufficient because they present nothing more than broad statements without any support.

When "conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1807 (3d ed. 2023). But to prevent fishing expeditions into a defendant's records, the plaintiff must provide at least some facts to support the claim that a collective of similarly situated plaintiffs exist, which would "warrant disclosure of the names and addresses of potential plaintiffs." *Prizmic*, 2006 WL 1662614, at *3 (collecting cases for the proposition that

5

courts deny conditional certification, notice to, and discovery about potential collective members when the plaintiff does not make the requisite factual showing); *see also Ahmed v. T.J. Maxx Corp.*, No. 10-CV-3609 (ADS) (ETB) 2013 WL 2649533, at *10 (E.D.N.Y. June 8, 2013) ("[I]t would be a waste of the [c]ourt's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." (quoting *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012))).

As noted, here, Plaintiff has not provided anything that points to the existence of a similarly situated collective. At this stage, the Court does not find discovery into names and address of potential plaintiffs appropriate. Accordingly, plaintiff's application is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion is denied.

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.09.08 16:39:09 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 8, 2023
Brooklyn, NY

6